# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-10293
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Bradley J. Harris,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-103-1

―――――――――――――――――――――

Before Wiener, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Defendant-appellant Bradley J. Harris, federal prisoner # 55436-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 159-month sentence for health care fraud and conspiracy to commit health care fraud. His motion was based on Part B of Amendment 821 to the Sentencing Guidelines. The district court denied the motion based

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10293

on a determination that Harris was not eligible for a decrease of two offense levels as a zero-point offender because he did not satisfy all the criteria under U.S.S.G. § 4C1.1(a).

Harris received a vulnerable victim adjustment under U.S.S.G. § 3A1.1(b)(2), and he is therefore ineligible for an offense level reduction under § 4C1.1(a)(9). On appeal, Harris contends that the vulnerable victim adjustment does not disqualify him from relief and is instead only one factor that the district court could consider in deciding whether to grant relief. His assertion is without merit, as the plain language of § 4C1.1(a) requires that he satisfy all of the criteria listed in that subsection. *See* U.S.S.G. § 4C1.1(a).

Insofar as Harris requests that we remand the case to correct alleged clerical errors in the record pursuant to Federal Rule of Criminal Procedure 36, we decline to do so, without prejudice to his right to seek relief under Rule 36 in the district court. His motion to allow an attachment to his brief is DENIED, and the district court's judgment is AFFIRMED.